Case 1:25-cv-00406-HYJ-SJB    ECF No. 1, PageID.1    Filed 04/11/25    Page 1 of 6

FILED - LN
April 11, 2025 3:30 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /        SCANNED BY: /s/ 4/14/24

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

David Miedel, Plaintiff

v.

Ally Bank, Defendant

1:25-cv-406
Hala Y. Jarbou
Chief U.S. District Judge

COMPLAINT FOR DAMAGES

Plaintiff, David Miedel, brings this action against Defendant, Ally Bank, and alleges as follows:

PARTIES

1. Plaintiff David Miedel is an individual residing in Laingsburg, Michigan.

2. Defendant Ally Bank is a national bank headquartered in Detroit, Michigan.

JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1332 due to the federal questions raised and the amount in controversy exceeding $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events occurred in this jurisdiction.

FACTUAL BACKGROUND

5. On or about September 23, 2024, Plaintiff specially endorsed a motor vehicle loan application through a dealership, Morrie's Okemos Ford.

6. Ally Bank rejected that version of the application.

7. The Michigan Department of State's Bureau of Regulatory Services (investigator Brett Stiles) later confirmed that the dealership submitted a forged contract dated September 27, 2024, to obtain funding. (See Exhibit F)

8. Ally Bank funded this forged document and continued collection activities despite receiving multiple formal notices including certified mail and CFPB complaints. (See Exhibit D)

9. The forged contract that Ally Bank funded listed 'MAG OKF, LLC' as the seller-creditor. (See Exhibit C)

10. However, the valid contract signed by Plaintiff on October 1, 2024, listed 'Morrie's Okemos Ford' as the seller-creditor.

11. This material discrepancy demonstrates further intent to conceal and substitute contracting entities, a violation of Plaintiff's rights and federal lending laws including the Truth in Lending Act (TILA).

CAUSES OF ACTION

COUNT I – Fraudulent Misrepresentation

COUNT II – Forgery and Fraudulent Submission of a Financial Instrument

COUNT III – Violation of the Truth in Lending Act

COUNT IV – Violation of the Michigan Consumer Protection Act

COUNT V – Negligent Misrepresentation and Credit Damage (See Exhibit N)

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages

b. Award treble damages under applicable statutes

c. Award exemplary damages for willful misconduct

d. Award attorney's fees, if applicable

e. Grant such other relief as the Court deems just and proper

Amount in Controversy: $2,984,919.84

Jury trial is demanded.

12. On March 19, 2025, Plaintiff engaged in a 43-minute call with Ally Bank's fraud department representative, Heath. During the call, Plaintiff reiterated the proven forgery, the ongoing harm, and requested Ally cease all collection and repossession actions pending resolution in court. Plaintiff also made a good faith offer: if Ally would issue a lien release and provide a free and clear title to the vehicle, Plaintiff would agree not to pursue legal action. Ally refused to act on this offer and instead continued aggressive collection efforts, furthering the claim of willful intent and bad faith. (See Exhibit J)

13. On January 24, 2025, Plaintiff was forced to purchase a second vehicle out of fear of imminent repossession by Ally Bank. This purchase was not anticipated nor desired, and Plaintiff was compelled to trade in an older truck originally intended for later resale. This unplanned transaction resulted in tax, title, and interest expenses, and diverted the equity value of a personal asset. The decision to acquire a second truck was made solely due to Ally's continued threats of repossession and collection efforts, despite being fully notified of the forged contract and the state's investigation confirming fraud. This loss and asset

reallocation are part of the compensable damages directly caused by Defendant's misconduct. (See Exhibit Q)

Respectfully submitted,

David Miedel

9612 Woodbury Rd.

Laingsburg, MI 48848

miedeld@icloud.com

812-327-1091

Date: April 11, 2025

Judge: _____

Case No.: _____

## SUPPLEMENT TO FEDERAL COMPLAINT

### David Miedel v. Ally Bank – United States District Court, Western District of Michigan

Exhibit J – April 11, 2025 Wrongful Repossession Incident

This document supplements Plaintiff's federal complaint against Ally Bank by incorporating new factual developments that occurred on April 11, 2025, which further demonstrate Ally's continued enforcement of a forged and fraudulent auto loan.

### I. Statement of Supplemental Facts

1. On April 11, 2025, at approximately 11:00 AM, a repossession agent from North Star Recovery LLC, acting under authority from Ally Bank, entered Plaintiff's posted private property and attempted to seize Plaintiff's truck tied to the disputed auto loan.
2. The VIN was intentionally covered by Plaintiff to prevent misidentification, and the agent made no attempt to verify it before engaging the vehicle.
3. The agent ignored clearly posted no-trespassing signs and verbal objections from Plaintiff.
4. The agent used tools consistent with forced vehicle entry and claimed ownership over the vehicle.
5. Plaintiff requested that the agent leave the premises and was refused.
6. Plaintiff called 911 to report auto theft.
7. Within one hour, the agent returned the vehicle without explanation, confirming that no legal authority existed to complete the repossession.
8. This incident demonstrates Ally's willful disregard of Plaintiff's fraud dispute, certified affidavits, CFPB complaints, and ongoing federal litigation.

### II. Legal Implications

9. Ally Bank is liable for the actions of its agents under principles of agency law.
10. The attempted repossession constitutes a violation of Plaintiff's rights under UCC § 9-609 (MCL 440.9609), which prohibits repossession through breach of the peace.
11. Ally's conduct demonstrates ongoing bad faith, willful disregard for federal due process, and malicious continuation of collection activity.
12. Plaintiff asserts new claims for conversion, trespass to chattels, and seeks additional punitive damages related to this incident.

### III. Relief Requested

13. Plaintiff requests that the Court:
- Accept this supplement and Exhibit J into the record;
- Increase the prayer for damages to include additional compensatory and punitive damages stemming from the April 11 incident;
- Enjoin Ally Bank and its agents from future enforcement actions related to the disputed

loan;
- Award any further relief the Court deems just and proper.


Respectfully submitted,

David Miedel
9612 Woodbury Rd
Laingsburg, MI 48848
miedeld@icloud.com
812-327-1091

**PROOF OF SERVICE**

I, David Miedel, hereby certify that on April 11, 2025, I served the following documents upon the Defendant in the above-captioned case:

- Filed Federal Complaint

- Civil Cover Sheet (JS 44)

- Summons (AO 440)

- Exhibit Index

- Exhibits A through Q

These documents were sent to the Defendant at the following address by certified mail with return receipt requested:

Ally Bank
Legal Department
500 Woodward Avenue
Detroit, MI 48226

USPS Certified Mail Tracking Number: 9590 9402 6687 1060 9275 76

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2025.

Signature: *[signature]*

David Miedel
9612 Woodbury Rd.
Laingsburg, MI 48848
miedeld@icloud.com
812-327-1091