The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

**Exhibit E**

Loan Contracts (Original Endorsed, Forged, Withheld)





**_LAW_ 553-MI-ARB-eps 9/24**

DEAL# 7558
CUST# 10630

CERT# 00002104

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SPARTAN ROOFING INNOVATIONS LLC 12872 PARTLOW AVE GRAND LEDGE MI 48837-1950 COUNTY: EATON | N/A | MORRIE'S OKEMOS FORD 1830 W GRAND RIVER RD OKEMOS MI 48864 |
| Cell: 517-599-0330 | Cell: N/A | 517-347-1830 |
| Email: MIEDELD@ICLOUD.COM | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle o credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Finance and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-Ir Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2024 | FORD F150 PICKUP | 8 | 1FTFW1RG8RFB81700 | Personal, family, or household unless otherwise indicated below ☒ business ☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $0.00 is |
|---|---|---|---|---|
| 12.24 % | $ 31411.36 | $ 91859.84 | $ 123271.20 | $ 123271.20 |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 2054.52 | MONTHLY                                      beginning 10/23/2024 |
| N/A | $ N/A | N/A |
| | N/A | |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___15___ or ___5___ % of the part of the payment that is late, whichever is ___greater___ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### WARRANTIES SELLER DISCLAIMS
Unless the Seller makes a written warranty or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or o fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información de formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**Notice: Customer should review the payment schedule to determine if the contract requires payments in equal amount**

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use. If a payment is not received in full within **N/A** days after it is due, you will pay a late charge of $_____ **N/A** or ___**N/A**___ % of the part of th payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all othe cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve ar dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _David William Miedel - Agent_    Co-Buyer Signs X _____    N/A

Buyer Signs X _____- Agent_    Co-Buyer Signs X N/A    112641*1*OKFO-FI

10/01/2024   07:51 a
LAW 553-MI-ARB-eps 9/24 v1   Page 1 o

**STION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

Price

axable Part of Cash Price

| | | |
|---|---|---|
| to Seller for Vehicle | $ | 81954.00 |
| to Seller for Accessories and Installation Charges | $ | 1298.00 |
| to Seller for Document Preparation Fee | $ | 260.00 |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| Total Taxable Part of Cash Price | $ | 83512.00 |
| o Government Agencies for Sales Tax | $ | 4932.84 |

Non-Taxable Part of Cash Price

| | | |
|---|---|---|
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| Total Non-Taxable Part of Cash Price | $ | N/A |
| Cash Price | $ | 88444.84 (1) |

Downpayment =

Trade-in __N/A__     __N/A__          __N/A__
        (Year)      (Make)          (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other __N/A__ | $ | N/A |
| + Other __N/A__ | $ | N/A |
| + Other __N/A__ | $ | N/A |
| (If total downpayment is negative, enter "0" and see 4H below) | $ | 0.00 (2) |
| aid Balance of Cash Price (1 minus 2) | $ | 88444.84 (3) |

r Charges Including Amounts Paid to Others on Your Behalf

Cost of Optional Credit Insurance Paid to Insurance Company or Companies

| | | | |
|---|---|---|---|
| Life | $ | N/A | |
| Disability | $ | N/A | $     N/A |
| Other Optional Insurance Paid to Insurance Company or Companies | | | $     N/A |
| Optional Gap Contract | | | $     N/A |
| Official Fees Paid to Government Agencies | | | $     N/A |
| Government Taxes Not Included in Cash Price | | | $     N/A |
| Government License Fees and/or Registration Fees | | | |
| **NEW PLATE FEE** | | | $     244.00 |
| Government Certificate of Title Fees | | | $     16.00 |
| Prior Credit or Lease Balance Paid to N/A | | | $     N/A |

Other Charges (Seller must identify who is paid and describe purpose.)

| | | |
|---|---|---|
| to N/A                     for N/A | $ | N/A |
| to NAAII VSC              for SERVICE CONTRACT | $ | 3155.00 |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |
| to N/A                     for N/A | $ | N/A |

| | | |
|---|---|---|
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ | 3415.00 (4) |
| ount Financed - Principal Balance (3 + 4) | $ | 91859.84 (5) |
| nce Charge | $ | 31411.36 (6) |
| l of Payments - Time Balance | $ | 123271.20 (7) |

nent Schedule: The payment schedule will be __60__ installments of $ __2054.52__ each,
thly beginning __10/23/2024__, or if scheduled payments are irregular or uneven, as follows __N/A__

Signs X _[signature] Agae_    Co-Buyer Signs X __N/A__    112641*1*OKFO-FI

---

OF_____ no fin_____ the
Amount Financed, item 5, is paid in full on or
before _____**N/A**_____,
Year __N/A__.
SELLER'S INITIALS __N/A__

---

**OPTIONAL GAP CONTRACT.** A gap contract
(debt cancellation contract) is not required to
obtain credit and will not be provided unless you
sign below and agree to pay the extra charge. If
you choose to buy a gap contract, the charge is
shown in Item 4C of the Itemization of Amount
Financed. See your gap contract for details on the
terms and conditions it provides. It is a part of this
contract.

Term ____**N/A**____ Mos. _____**N/A**_____
                                  Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X __N/A__

---

**Returned Payment Charge:** You agree to pay a
charge of $25 if any check or other payment
instrument you give us is dishonored.

surance. You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell insurance in Michigan. You may so provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other surance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

## Check the insurance you want and sign below:
## Optional Credit Insurance

| ] Credit Life: | ☐ Buyer | ☐ Co-Buyer | ☐ Both | ☐ Credit Disability: | ☐ Buyer | ☐ Co-Buyer | ☐ Both |

remium:                                              Premium:

redit Life $ _____ **N/A** _____ Term __ **N/A** ___    Credit Disability $ _____ **N/A** ____ Term __ **N/A** ____

surance Company Name **N/A**                      Home Office Address **N/A**

redit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability surance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, e cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay I you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

## Other Optional Insurance

| ] _____ **N/A** _____ | **N/A** | Premium $ _____ **N/A** _____ |
| Type of Insurance | Term | |

surance Company Name & Address

**N/A**

| ] _____ **N/A** _____ | **N/A** | Premium $ _____ **N/A** _____ |
| Type of Insurance | Term | |

surance Company Name & Address

ther optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. will not be provided unless you sign and agree to pay the extra cost.

want the insurance checked above.

| _____ **N/A** _____ | **N/A** | X  **N/A** _____ | Date |
| uyer Signature | Date | Co-Buyer Signature | |

## THER IMPORTANT AGREEMENTS

### FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. If all your scheduled payments are equal, we will give you at least 25 days after the final scheduled payment is due to pay any extra amount you owe because you paid late. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is larger than any c the substantially equal prior scheduled payments. If you final scheduled payment is a balloon payment, you have the right to enter into a new written agreement when it is du (refinance). You may refinance the balloon in equa installments over a reasonable period of time. During thi period, you will also pay a finance charge on the unpai balance computed using the Annual Percentage Rate o page 1 of this contract.

2. **YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** Yo agree to pay us all you owe under this contract even if th vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle fror the U.S. or Canada, or to sell, rent, lease, or transfer an interest in the vehicle or this contract without our writte permission. You agree not to expose the vehicle to misuse seizure, confiscation, or involuntary transfer. If we pay an repair bills, storage bills, taxes, fines, or charges on th vehicle, you agree to repay the amount when we ask for it.

112641*1*OKFO-FI

uver Signs X _____     Co-Buyer Signs X **N/A** _____

**c. Security interest.**
You give us a security interest in:

- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or, if such coverage cannot be obtained, buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. If you fail to pay us, and if permitted by law, we may add the charge to the balance owing under this contract. We may increase the amount of your scheduled payment in order to amortize the charge by the time your final payment is due. As an alternative and, if you specifically agree, you may have a larger or balloon final payment, or the date of the final payment may be extended. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

---

**IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your car has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle or earlier, if we notify you of an earlier date.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

---

**4. SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

---

**5. APPLICABLE LAW**

Federal law and the law of Michigan apply to this contract.

---

**6. NEGATIVE CREDIT REPORT NOTICE**

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

r Signs X _____ Co-Buyer Signs X **N/A** _____

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _Dave Mist - Agent_   Co-Buyer Signs X ___N/A___

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

> Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others, unless so indicated hereon.

**Notice To Buyer: Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.**

Buyer Signs X _Dave Mist - Agent_ Date **09/23/2024** Co-Buyer Signs X **N/A** Date **N/A**
Buyer Printed Name **SPARTAN ROOFING INNOVATIONS LLC** Co-Buyer Printed Name **N/A**
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name **N/A** Title **N/A**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X **N/A** Address **N/A**
Seller signs **MORRIE'S OKEMOS FORD** Date **09/23/2024** By X _Re Sy_ Title **FI MANAGER**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X _Dave Mist - Agent_ Date **09/23/2024** Co-Buyer Signs X **N/A** Date **N/A**

| | |
|---|---|
| Seller assigns its interest in this contract to **ALLY FINANCIAL INC.** | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
| ☐ Assigned with recourse    ☒ Assigned without recourse | ☐ Assigned with limited recourse |

Seller **MORRIE'S OKEMOS FORD**
By X _Re Sy_    Title **FI MANAGER**

**LAW** FORM NO. 553-MI-ARB-eps (REV. 9/24)
©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

112641*1*OKFO-FI

10/01/2024   07:51 am

LAW 553-MI-ARB-eps 9/24 v1   Page 5 of 5



T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

# ⫻LAW⫻ 553-MI-ARB-ea 9/24

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SPARTAN ROOFING INNOVATIONS LLC 12872 PARTLOW AVE GRAND LEDGE, MI 48837-1950 EATON | N/A | MAG OKF, LLC 1830 W. Grand River Avenue Okemos, MI 48864 |
| Cell: N/A | Cell: N/A | |
| Email: MIEDELD@ICLOUD.COM | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2024 | Ford F-150 | 8 | 1FTFW1RG8RFB81700 | Personal, family, or household unless otherwise indicated below ☒ business ☐ agricultural |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 12.24 % | $ 31,411.36 | $ 91,859.84 | $ 123,271.20 | $ 123,271.20 |

### WARRANTIES SELLER DISCLAIMS

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Your Payment Schedule Will Be:**

(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 2,054.52 | Monthly beginning 10/27/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ __15__ or __5__ % of the part of the payment that is late, whichever is __greater__ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**Notice: Customer should review the payment schedule to determine if the contract requires payments in equal amounts.**

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within ___N/A___ days after it is due, you will pay a late charge of $___N/A___ or ___N/A___ % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X **A** _DAVID MIEDEL_          Co-Buyer Signs X **A** ___N/A___

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

**1  Cash Price**

**A** Taxable Part of Cash Price

| | |
|---|---|
| to Seller for Vehicle | $ 81,930.00 |
| to Seller for Accessories and Installation Charges | $ N/A |
| to Seller for Document Preparation Fee | $ 260.00 |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| Total Taxable Part of Cash Price | $ 82,190.00 |

**B** To Government Agencies for Sales Tax  $ 4,932.84

**C** Non-Taxable Part of Cash Price

| | |
|---|---|
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| to N/A  for N/A | $ N/A |
| Total Non-Taxable Part of Cash Price | $ N/A |

Total Cash Price  $ 87,122.84 (1)

**2  Total Downpayment =**

Trade-in  N/A    N/A    N/A
        (Year)    (Make)    (Model)

| | |
|---|---|
| Gross Trade-In Allowance | $ N/A |
| Less Pay Off Made By Seller to N/A | $ N/A |
| Equals Net Trade In | $ N/A |
| + Cash | $ N/A |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |

(If total downpayment is negative, enter "0" and see 4H below)  $ 0.00 (2)

**3** Unpaid Balance of Cash Price (1 minus 2)  $ 87,122.84 (3)

**4** Other Charges Including Amounts Paid to Others on Your Behalf

**A** Cost of Optional Credit Insurance Paid to Insurance Company or Companies
Life  $ N/A
Disability  $ N/A   $ N/A

| | |
|---|---|
| **B** Other Optional Insurance Paid to Insurance Company or Companies | $ N/A |
| **C** Optional Gap Contract | $ N/A |
| **D** Official Fees Paid to Government Agencies | $ N/A |
| **E** Government Taxes Not Included in Cash Price | $ N/A |
| **F** Government License Fees and/or Registration Fees | |
| License and Registration Fee | $ 268.00 |
| **G** Government Certificate of Title Fees | $ 16.00 |
| **H** Prior Credit or Lease Balance Paid to N/A | $ N/A |

**I** Other Charges (Seller must identify who is paid and describe purpose.)

| | | |
|---|---|---|
| to NAAII | for Service Contract | $ 3,155.00 |
| to NAAII | for Bundled Product | $ 1,298.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf  $ 4,737.00 (4)

**5** Amount Financed - Principal Balance (3 + 4)  $ 91,859.84 (5)

**6** Finance Charge  $ 31,411.36 (6)

**7** Total of Payments - Time Balance  $ 123,271.20 (7)

Payment Schedule: The payment schedule will be 60 installments of $ 2,054.52 each,
monthly beginning 10/27/2024 , or if scheduled payments are irregular or uneven, as follows
N/A

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A ,
Year N/A .
SELLER'S INITIALS N/A

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A
                         Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **B** N/A

---

**Returned Payment Charge:** You agree to pay a charge of $25 if any check or other payment instrument you give us is dishonored.

---

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY
TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell insurance in Michigan. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**

| ☐ Credit Life: | ☐ Buyer | ☐ Co-Buyer | ☐ Both | ☐ Credit Disability: | ☐ Buyer | ☐ Co-Buyer | ☐ Both |

Premium: _____   Premium: _____

Credit Life $ _____N/A_____ Term _____N/A_____   Credit Disability $ _____N/A_____ Term _____N/A_____

Insurance Company Name __N/A_____   Home Office Address __N/A_____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

**Other Optional Insurance**

☐ _____N/A_____ _____N/A_____ Premium $ _____N/A_____
     Type of Insurance      Term

Insurance Company Name & Address
     N/A      N/A

☐ _____N/A_____ _____N/A_____ Premium $ _____N/A_____
     Type of Insurance      Term

Insurance Company Name & Address
     N/A      N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

**X C** _____N/A_____ _____N/A_____   **X C** _____N/A_____ _____N/A_____
Buyer Signature       Date       Co-Buyer Signature       Date

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

  **a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

  **b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

  **c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. If all your scheduled payments are equal, we will give you at least 25 days after the final scheduled payment is due to pay any extra amount you owe because you paid late. We will send you a notice telling you about these changes before the final scheduled payment is due.

  **d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

  **e. Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is larger than any of the substantially equal prior scheduled payments. If your final scheduled payment is a balloon payment, you have the right to enter into a new written agreement when it is due (refinance). You may refinance the balloon in equal installments over a reasonable period of time. During this period, you will also pay a finance charge on the unpaid balance computed using the Annual Percentage Rate on page 1 of this contract.

**2. YOUR OTHER PROMISES TO US**

  **a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

  **b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

c. **Security Interest.**

You give us a security interest in:

- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or, if such coverage cannot be obtained, buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. If you fail to pay us, and if permitted by law, we may add the charge to the balance owing under this contract. We may increase the amount of your scheduled payment in order to amortize the charge by the time your final payment is due. As an alternative and, if you specifically agree, you may have a larger or balloon final payment, or the date of the final payment may be extended. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your car has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle or earlier, if we notify you of an earlier date.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

5. **APPLICABLE LAW**

Federal law and the law of Michigan apply to this contract.

6. **NEGATIVE CREDIT REPORT NOTICE**

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs **X D**  _DAVID MIEDEL_    Co-Buyer Signs **X D**    N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others, unless so indicated hereon.

**Notice To Buyer: Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.**

Buyer Signs **X E**  _DAVID MIEDEL_    Date 09/27/2024  Co-Buyer Signs **X E**    N/A    Date  N/A

Buyer Printed Name SPARTAN ROOFING INNOVATIONS LLC    Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name DAVID MIEDEL    Title AGENT

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X I**    N/A    Address    N/A

Seller signs MAG OKF, LLC    Date 09/27/2024    By **X F**  _Paul Seager_    Title FINANCE DIRECTOR

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs **X G**  _DAVID MIEDEL_    Date 09/27/2024  Co-Buyer Signs **X G**    N/A    Date  N/A

| Seller assigns its interest in this contract to | Ally Financial Inc. | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|---|
| ☐ Assigned with recourse | ☒ Assigned without recourse | ☐ Assigned with limited recourse |

Seller  MAG OKF, LLC

By **X H**    _Paul Seager_    Title    FINANCE DIRECTOR

**LAW** FORM NO. 553-MI-ARB-ea (REV. 9/24)
©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.    *LAW 553-MI-ARB-ea 9/24 v1*    Page 5 of 5
T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

(Left margin, vertical text) TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

(Right margin, vertical text) TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

ORiginal

CoN7RNC7
INDoRoscD

9/23/24

T1026634511-DP1026635551 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

# *LAW* 553-MI-ARB-ea 9/24

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SPARTAN ROOFING INNOVATIONS LLC<br>12872 PARTLOW AVE<br>GRAND LEDGE, MI 48837-1950 EATON | N/A | MAG OKF, LLC<br>1830 W. Grand River Avenue<br>Okemos, MI 48864 |
| Cell: N/A | Cell: N/A | |
| Email: MIEDELD@ICLOUD.COM | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2024 | Ford F-150 | 8 | 1FTFW1RG8RFB81700 | Personal, family, or household unless otherwise indicated below<br>☒ business<br>☐ agricultural |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 12.24 % | $ 31,411.36 | $ 91,859.84 | $ 123,271.20 | $ 123,271.20 |

**Your Payment Schedule Will Be:**  (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 2,054.52 | Monthly beginning 10/23/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___15___ or ___5___ % of the part of the payment that is late, whichever is ___greater___ .

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**Notice: Customer should review the payment schedule to determine if the contract requires payments in equal amounts.**

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use. If a payment is not received in full within ___N/A___ days after it is due, you will pay a late charge of $___N/A___ or ___N/A___ % of the part of the payment that is late, whichever is less.

If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _A PAY TO THE ORDER OF DAVID WILLIAM MIEDEL By David Williams Miedel Agent without recourse_    Co-Buyer Signs X _A_    N/A

*LAW 553-MI-ARB-ea 9/24 v1*    Page 1 of 5

T1026634511-DP1026635551 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/24/2024 05:38:07 PM GMT

*(Side margin text:)* TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1026634511-DP1026635551 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

**1  Cash Price**

  **A  Taxable Part of Cash Price**

| | |
|---|---|
| to Seller for Vehicle | $ 81,930.00 |
| to Seller for Accessories and Installation Charges | $ N/A |
| to Seller for Document Preparation Fee | $ 260.00 |
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| Total Taxable Part of Cash Price | $ 82,190.00 |

  **B  To Government Agencies for Sales Tax** — $ 4,932.84

  **C  Non-Taxable Part of Cash Price**

| | |
|---|---|
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| to N/A                 for N/A | $ N/A |
| Total Non-Taxable Part of Cash Price | $ N/A |

  **Total Cash Price** — $ 87,122.84 (1)

**2  Total Downpayment =**

Trade-In  N/A        N/A            N/A
    (Year)      (Make)          (Model)

| | |
|---|---|
| Gross Trade-In Allowance | $ N/A |
| Less Pay Off Made By Seller to N/A | $ N/A |
| Equals Net Trade In | $ N/A |
| + Cash | $ N/A |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |
| + Other N/A | $ N/A |
| (If total downpayment is negative, enter "0" and see 4H below) | $ 0.00 (2) |

**3  Unpaid Balance of Cash Price (1 minus 2)** — $ 87,122.84 (3)

**4  Other Charges Including Amounts Paid to Others on Your Behalf**

  **A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies**

| | | |
|---|---|---|
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |

| | |
|---|---|
| **B  Other Optional Insurance Paid to Insurance Company or Companies** | $ N/A |
| **C  Optional Gap Contract** | $ N/A |
| **D  Official Fees Paid to Government Agencies** | $ N/A |
| **E  Government Taxes Not Included in Cash Price** | $ N/A |
| **F  Government License Fees and/or Registration Fees** | |
|   License and Registration Fee | $ 268.00 |
| **G  Government Certificate of Title Fees** | $ 16.00 |
| **H  Prior Credit or Lease Balance Paid to N/A** | $ N/A |

  **I  Other Charges (Seller must identify who is paid and describe purpose.)**

| | | |
|---|---|---|
| to NAAII | for Service Contract | $ 3,155.00 |
| to NAAII | for Bundled Product | $ 1,298.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

  Total Other Charges and Amounts Paid to Others on Your Behalf — $ 4,737.00 (4)

**5  Amount Financed - Principal Balance (3 + 4)** — $ 91,859.84 (5)

**6  Finance Charge** — $ 31,411.36 (6)

**7  Total of Payments - Time Balance** — $ 123,271.20 (7)

Payment Schedule: The payment schedule will be ___ 60 ___ installments of $ 2,054.52 each, monthly beginning ___ 10/23/2024 ___, or if scheduled payments are irregular or uneven, as follows ___
    N/A

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before ___ N/A ___ ,
Year ___ N/A ___ .
SELLER'S INITIALS ___ N/A ___

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___ N/A ___ Mos. ___ N/A ___
                       Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **B** ___ N/A ___

---

**Returned Payment Charge:** You agree to pay a charge of $25 if any check or other payment instrument you give us is dishonored.

---

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1026634511-DP1026635551 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/24/2024 05:38:07 PM GMT

T1026634511-DP1026635551 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell insurance in Michigan. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:    ☐ Buyer    ☐ Co-Buyer    ☐ Both        ☐ Credit Disability:    ☐ Buyer    ☐ Co-Buyer    ☐ Both

Premium:                                                    Premium:

Credit Life $ _____ N/A _____ Term _____ N/A _____        Credit Disability $ _____ N/A _____ Term _____ N/A _____

Insurance Company Name _N/A_____              Home Office Address _N/A_____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

### Other Optional Insurance

☐ _____ N/A _____        _____ N/A _____    Premium $ _____ N/A _____
   Type of Insurance            Term

Insurance Company Name & Address
            N/A                    N/A

☐ _____ N/A _____        _____ N/A _____    Premium $ _____ N/A _____
   Type of Insurance            Term

Insurance Company Name & Address
            N/A                    N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

**X C** _____ N/A _____        _____ N/A _____    **X C** _____ N/A _____        _____ N/A _____
Buyer Signature                   Date            Co-Buyer Signature               Date

## OTHER IMPORTANT AGREEMENTS

**1.  FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. If all your scheduled payments are equal, we will give you at least 25 days after the final scheduled payment is due to pay any extra amount you owe because you paid late. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is larger than any of the substantially equal prior scheduled payments. If your final scheduled payment is a balloon payment, you have the right to enter into a new written agreement when it is due (refinance). You may refinance the balloon in equal installments over a reasonable period of time. During this period, you will also pay a finance charge on the unpaid balance computed using the Annual Percentage Rate on page 1 of this contract.

**2.  YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

T1026634511-DP1026635551 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/24/2024 05:38:07 PM GMT

*(left margin: TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY)*
*(right margin: TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY)*

T1026634511-DP1026635551 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**c. Security Interest.**

You give us a security interest in:

- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or, if such coverage cannot be obtained, buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. If you fail to pay us, and if permitted by law, we may add the charge to the balance owing under this contract. We may increase the amount of your scheduled payment in order to amortize the charge by the time your final payment is due. As an alternative and, if you specifically agree, you may have a larger or balloon final payment, or the date of the final payment may be extended. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your car has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle or earlier, if we notify you of an earlier date.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. SERVICING AND COLLECTION CONTACTS

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

## 5. APPLICABLE LAW

Federal law and the law of Michigan apply to this contract.

## 6. NEGATIVE CREDIT REPORT NOTICE

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

T1026634511-DP1026635551 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/24/2024 05:38:07 PM GMT

T1026634511-DP1026635551 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs **XD** ————————    Co-Buyer Signs **XD**    N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others, unless so indicated hereon.

**Notice To Buyer: Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.**

Buyer Signs **XE** ———————— Date _09/23/2024_ Co-Buyer Signs **XE** _____ N/A Date ___ N/A
Buyer Printed Name SPARTAN ROOFING INNOVATIONS LLC    Co-Buyer Printed Name N/A
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name DAVID MIEDEL    Title AGENT

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **XI** N/A    Address N/A
Seller signs MAG OKF, LLC    Date 09/23/2024    By **XF** *MATTHEW FRITZLER*    Title FINANCE MANAGER

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs **XG** ———————— Date 09/23/2024 Co-Buyer Signs **XG** _____ N/A Date ___ N/A

Seller assigns its interest in this contract to    Ally Financial Inc.    (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse
Seller MAG OKF, LLC
By **XH**    *MATTHEW FRITZLER*    Title    FINANCE MANAGER

*LAW* FORM NO. 553-MI-ARB-ea (REV. 9/24)
©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.    LAW 553-MI-ARB-ea 9/24 v1    Page 5 of 5
T1026634511-DP1026635551 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/24/2024 05:38:07 PM GMT