**Exhibit D**

Ally CFPB Response – Confirms forged 09/27/2024 contract was funded



500 Woodward Ave.
Detroit, MI 48226

January 30, 2025

David Miedel
9612 Woodbury Road
Laingsburg, MI 48848

Re: CFPB Number: 241231-17699976 and 250115-17993884

Dear David Miedel:

We received your correspondence via the Consumer Financial Protection Bureau on December 31, 2024, and January 15, 2025, regarding Spartan Roofing Innovations LLC's Ally auto account. We appreciate the opportunity to respond to your concerns.

On September 27, 2024, Spartan Roofing Innovations LLC (the "Customer") entered into a Retail Installment Sale Contract ("Contract") for the purchase of a 2024 Ford F-150 ("Vehicle") with Mag OKF, LLC in Okemos, MI. In the Contract, the Customer agreed to finance $91,859.84 at an Annual Percentage Rate (APR) of 12.24% in 60 monthly installments in the amount of $2,054.52, beginning October 27, 2024. By signing the Contract, the Customer agreed to the terms and agreed the Customer had an opportunity to review the terms before signing the Contract. The Contract was later assigned to Ally Bank ("Ally"). A copy of the Contract is enclosed for review.

Ally sent the Customer a Welcome Kit that included the account information and reflected the Customer has one auto account with us.

In your concern, you stated that you signed a contract on September 23, 2024, which Ally would not accept; therefore, you and the dealership signed a second contract. The original contract Ally received from the dealership did not conform to the terms of the credit application Ally approved; therefore, Ally was not willing to accept the first contract. Ally received a second contract, the above-reference contract, that did comply with the proposed terms in the credit application Ally received; therefore, we accepted assignment of this contract. We encourage you to contact the general manager at 1-888-392-5778, if you have any further questions or concerns.

You further stated you wished to change the terms of your Contract. Please refer to page 5 of the Contract, "HOW THIS CONTRACT CAN BE CHANGED", where you agreed the Contract can only be changed in writing and we must sign it. Ally is not agreeable to your requests to change the terms of the Contract.

The enclosed payment history is provided for your review, which details payments received to date, late charges assessed, and the way the payments were applied to the Customer's account. If there is a discrepancy between the Customer's personal records and our payment history, please contact me directly so further research may be conducted.

The notice sent to the Customer's address of record providing details of the status of the account is enclosed for review. Ally sent the Customer a Notice of Intent on November 29,

2024. The notice included the following statement: "Notice of Report of Negative Credit Information – We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit reports."

We received documents dated October 17, 2024, and December 9, 2024, from Spartan Roofing Innovations LLC, regarding their Ally auto account. On October 28, 2024, and January 2, 2025, respectively, we provided the enclosed responses.

On November 12, 2024, and December 4, 2024, you contacted us for a payoff quote letter. The representative advised the account was in a restrictive status due to the documents we received from you; therefore, we the representative with whom you spoke advised you they would transfer you to the department with whom you needed to speak regarding your request for a payoff quote. You disconnected the call before the transfer was complete. As you disconnected the call, we understood you no longer wished to complete your request for a payoff quote. In an effort to assist you, as of the date of this letter, your 10-day payoff quote is $96,842.23, which is good through February 9, 2025, with a daily finance charge amount of $30.80.

We understand collection activity is often stressful to all concerned and customers may face difficulty in making payments when there is a change in circumstances. Ally makes every effort to work with customers who are trying to meet their obligations.

Based on a review of the Customer's account, we believe Ally is furnishing accurate and complete information of our credit experience with the Customer on this account. Therefore, we will not request the consumer credit reporting agencies remove this information from the Customer's credit file. We requested the consumer credit reporting agencies note the Customer's account information as being disputed. You may contact the consumer credit reporting agencies directly to insert a comment into the Customer's credit file. We furnish information to the following consumer credit reporting agencies: Experian at 1-888-397-3742, TransUnion at 1-800-916-8800, Equifax at 1-800-685-1111, and Innovis at 1-800-540-2505.

The Customer's account is being handled per the Contract terms. Therefore, we are not agreeable to your request for any compensation and will not release our lien until the contractual obligation is fulfilled.

If you have any further questions or need further assistance, feel free to contact me at 1-888-318-4622, option 4, option 8, extension 43531.

Sincerely,

Sabrina
Executive Customer Relations
Ally Bank

Enclosures
File Number: 171444 and 172041

cc: CFPB

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

LAW 553-MI-ARB-ea 9/24

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SPARTAN ROOFING INNOVATIONS LLC<br>12872 PARTLOW AVE<br>GRAND LEDGE, MI 48837-1950 EATON<br>Cell: N/A<br>Email: MIEDELD@ICLOUD.COM | N/A<br>Cell: N/A<br>Email: N/A | MAG OKF, LLC<br>1830 W. Grand River Avenue<br>Okemos, MI 48864 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2024 | Ford F-150 | 8 | 1FTFW1RG8RFB81700 | Personal, family, or household unless otherwise indicated below<br>☒ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 12.24 % | $ 31,411.36 | $ 91,859.84 | $ 123,271.20 | $ 123,271.20 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 2,054.52 | Monthly beginning 10/27/2024 |
| N/A | $ N/A | N/A |

N/A

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 15 or 5 % of the part of the payment that is late, whichever is greater.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**WARRANTIES SELLER DISCLAIMS**
**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

**Notice: Customer should review the payment schedule to determine if the contract requires payments in equal amounts.**

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within N/A days after it is due, you will pay a late charge of $ N/A or N/A % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X A DAVID MIEDEL Co-Buyer Signs X A N/A

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

1 Cash Price

A Taxable Part of Cash Price

| | | |
|---|---|---|
| to Seller for Vehicle | $ 81,930.00 | |
| to Seller for Accessories and Installation Charges | $ N/A | |
| to Seller for Document Preparation Fee | $ 260.00 | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| Total Taxable Part of Cash Price | $ 82,190.00 | |
| B To Government Agencies for Sales Tax | $ 4,932.84 | |
| C Non-Taxable Part of Cash Price | | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| to N/A for N/A | $ N/A | |
| Total Non-Taxable Part of Cash Price | $ N/A | |
| Total Cash Price | | $ 87,122.84 (1) |

2 Total Downpayment =

Trade-in N/A (Year) N/A (Make) N/A (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller to N/A | $ N/A | |
| Equals Net Trade In | $ N/A | |
| + Cash | $ N/A | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4H below) | | $ 0.00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | $ 87,122.84 (3) |

4 Other Charges Including Amounts Paid to Others on Your Behalf

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies

| | | | |
|---|---|---|---|
| Life | $ N/A | | |
| Disability | $ N/A | $ N/A | |
| B Other Optional Insurance Paid to Insurance Company or Companies | | $ N/A | |
| C Optional Gap Contract | | $ N/A | |
| D Official Fees Paid to Government Agencies | | $ N/A | |
| E Government Taxes Not Included in Cash Price | | $ N/A | |
| F Government License Fees and/or Registration Fees<br>License and Registration Fee | | $ 268.00 | |
| G Government Certificate of Title Fees | | $ 16.00 | |
| H Prior Credit or Lease Balance Paid to N/A | | $ N/A | |
| I Other Charges (Seller must identify who is paid and describe purpose.) | | | |
| to NAAII for Service Contract | | $ 3,155.00 | |
| to NAAII for Bundled Product | | $ 1,298.00 | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| to N/A for N/A | | $ N/A | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | | $ 4,737.00 (4) |
| 5 Amount Financed - Principal Balance (3 + 4) | | | $ 91,859.84 (5) |
| 6 Finance Charge | | | $ 31,411.36 (6) |
| 7 Total of Payments - Time Balance | | | $ 123,271.20 (7) |

Payment Schedule: The payment schedule will be 60 installments of $ 2,054.52 each, monthly beginning 10/27/2024, or if scheduled payments are irregular or uneven, as follows N/A.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. N/A (Name of Gap Contract)

I want to buy a gap contract.

Buyer Signs X B N/A

**Returned Payment Charge:** You agree to pay a charge of $25 if any check or other payment instrument you give us is dishonored.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell insurance in Michigan. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A Term N/A

Insurance Company Name N/A

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Disability $ N/A Term N/A

Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

**Other Optional Insurance**

☐ N/A (Type of Insurance) N/A (Term) Premium $ N/A

Insurance Company Name & Address

N/A N/A

☐ N/A (Type of Insurance) N/A (Term) Premium $ N/A

Insurance Company Name & Address

N/A N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X C N/A (Buyer Signature) N/A (Date) X C N/A (Co-Buyer Signature) N/A (Date)

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. If all your scheduled payments are equal, we will give you at least 25 days after the final scheduled payment is due to pay any extra amount you owe because you paid late. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is larger than any of the substantially equal prior scheduled payments. If your final scheduled payment is a balloon payment, you have the right to enter into a new written agreement when it is due (refinance). You may refinance the balloon in equal installments over a reasonable period of time. During this period, you will also pay a finance charge on the unpaid balance computed using the Annual Percentage Rate on page 1 of this contract.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or, if such coverage cannot be obtained, buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. If you fail to pay us, and if permitted by law, we may add the charge to the balance owing under this contract. We may increase the amount of your scheduled payment in order to amortize the charge by the time your final payment is due. As an alternative and, if you specifically agree, you may have a larger or balloon final payment, or the date of the final payment may be extended. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your car has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle or earlier, if we notify you of an earlier date.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. SERVICING AND COLLECTION CONTACTS

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

## 5. APPLICABLE LAW

Federal law and the law of Michigan apply to this contract.

## 6. NEGATIVE CREDIT REPORT NOTICE

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY
TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

T1028148579-DP1028825200 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## ARBITRATION PROVISION
## PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

***The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.***

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X D DAVID MIEDEL Co-Buyer Signs X D N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others, unless so indicated hereon.

**Notice To Buyer: Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.**

Buyer Signs X E DAVID MIEDEL Date 09/27/2024 Co-Buyer Signs X E N/A Date N/A
Buyer Printed Name SPARTAN ROOFING INNOVATIONS LLC Co-Buyer Printed Name N/A
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name DAVID MIEDEL Title AGENT

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X I N/A Address N/A
Seller signs MAG OKF, LLC Date 09/27/2024 By X F Paul Seager Title FINANCE DIRECTOR

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X G DAVID MIEDEL Date 09/27/2024 Co-Buyer Signs X G N/A Date N/A

Seller assigns its interest in this contract to Ally Financial Inc. (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller MAG OKF, LLC
By X H Paul Seager Title FINANCE DIRECTOR

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

©2024 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

T1028148579-DP1028825200 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 09/27/2024 05:46:22 PM GMT

Ally Proprietary.

You can reach us by visiting ally.com/auto or call us at 888-925-2559

# PAYMENT HISTORY

| Buyer: | SPARTAN ROOFING INNOVATIONS LLC | Account # | 228-4086-71832 | For the Period: | 9/27/2024 |
|---|---|---|---|---|---|
| Co-Buyer: | | | | To: | 1/14/2025 |
| Scheduled Payment: | $2,054.52 | First Due | 10/27/24 | Original Outstanding Balance: | $91,859.84 |

| Date Due | Sch Pmt | Pmt Due | Date Paid | 30 | 60 | 90 | Balance Paid | Finance Paid | Paid Late | Other Paid | Total Paid | Balance | LC Assess | LC Due | Date Assess | EXT | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/27/24 | $2,054.52 | $2,054.52 | | X | X | | | | | | $0.00 | $91,859.84 | $102.73 | $102.73 | 11/7/2024 | | Marks in the 30/60/90 fields indicate the date the payment was received more than 30/60/90 days late |
| 11/27/24 | $2,054.52 | $4,109.04 | | | | | | | | | $0.00 | $91,859.84 | $102.73 | $205.46 | 12/8/2024 | | |
| 12/27/24 | $2,054.52 | $6,163.56 | | | | | | | | | $0.00 | $91,859.84 | $102.73 | $308.19 | 1/7/2025 | | |
| 1/27/25 | $2,054.52 | $8,218.08 | | | | | | | | | $0.00 | $91,859.84 | | $308.19 | | | Next Due: 10/27/2024 |
| 2/27/25 | $2,054.52 | $10,272.60 | | | | | | | | | $0.00 | $91,859.84 | | $308.19 | | | Amount Due: $2,054.52 |
| 3/27/25 | $2,054.52 | $12,327.12 | | | | | | | | | $0.00 | $91,859.84 | | $308.19 | | | Remaining Balance: $91,859.84 |
| 4/27/25 | $2,054.52 | $14,381.64 | | | | | | | | | $0.00 | $91,859.84 | | $308.19 | | | Late Charge: $308.19 |
| **TOTALS** | | | | **1** | **1** | **0** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **--** | **$308.19** | **$308.19** | | | |

Ally Proprietary



P.O. Box 380902
Bloomington, MN 55438-0902

November 29, 2024

NS LLC SPARTAN ROOFING INNOVATIO
9612 WOODBURY RD
LAINGSBURG, MI 48848-8727

RE: Agreement Number: 228408671832

Dear Ally Customer,

In the finance industry, it is common practice to periodically report information about a customer's account to the credit bureaus.

**NOTICE OF REPORT OF NEGATIVE CREDIT INFORMATION**

**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit reports.**

There is no need to call us. This is for information purposes only and requires no action on your part.

We look forward to continuing to provide you with the quality service you deserve, and we appreciate your business.

Sincerely,
Ally Servicing LLC

**Contact Information**: You can reach us by visiting **ally.com/auto** or call **1-888-925-2559.**

1362NIRNC2



P.O. Box 380902
Bloomington, MN 55438-0902

December 10, 2024

PHONE: 866-443-3112

SPARTAN ROOFING INNOVATIONS LLC
9612 WOODBURY RD
LAINGSBURG, MI 48848-8727

Re: Agreement Number: 228408671832

Dear SPARTAN ROOFING INNOVATIONS LLC:

December 23, 2024 is the LAST DAY FOR PAYMENT.

$4,314.50 is the AMOUNT NOW DUE.

You are late in making your payment(s). If you pay the AMOUNT NOW DUE (above) by the LAST DAY FOR PAYMENT (above), you may continue with your contract. If you do not pay this amount by this date, we may exercise our rights under the law, including repossessing the collateral.

Strict compliance with your contract will be required in the future. Therefore, if you pay and are late again in making your payments, we may exercise our rights, including repossessing the collateral, without sending you another notice like this one even though we may have accepted late payments from you in the past.

Remember that another payment of $2,054.52 becomes due on December 27, 2024. That amount is not included in the AMOUNT NOW DUE shown above.

We may have alternatives to help resolve your situation. If there is a misunderstanding regarding the amount that you owe us or some other special problem, a simple phone call may be all that is needed.

If you have any questions, please contact us at the number above, Monday through Friday from 8:00 AM to 6:00 PM ET.

Sincerely,
Ally Bank

This account is being serviced by Ally Servicing LLC.

P.O. Box 380902
Bloomington, MN 55438-0902

January 2, 2025

Spartan Roofing Innovations LLC
9612 Woodbury Rd.
Laingsburg, MI 48848

RE: Account #: XXX-XXXX-1832

Dear Spartan Roofing Innovations LLC:

We received and reviewed the documents from you dated 12/9/2024 regarding your account. This letter is to inform you that none of these documents are legally binding on us, and we do not understand what your purpose was in sending them. As a result, we are unable to respond.

Sincerely,

Ally Financial
1-888-925-ALLY (2559)
Enclosure

lly Confidential

P.O. Box 380902
Bloomington, MN 55438-0902

October 28, 2024

Spartan Roofing Innovations LLC
9612 Woodbury Road
Laingsburg, MI 48848

RE: Account #: XXX-XXXX-X1832

Dear Spartan Roofing Innovations LLC:

We received and reviewed the documents from you dated 10/17/2024 regarding your account. This letter is to inform you that none of these documents are legally binding on us, and we do not understand what your purpose was in sending them. As a result, we are unable to respond.

Sincerely,

Ally Financial
1-888-925-ALLY (2559)
Enclosure

lly Confidential

Ally Proprietary

You can reach us by visiting ally.com/auto or call us at 888-925-2559

# PAYMENT HISTORY

| Buyer: | SPARTAN ROOFING INNOVATIONS LLC | Account # | 228-4086-71832 | For the Period: | 9/27/2024 |
|---|---|---|---|---|---|
| Co-Buyer: | | | | To: | 2/27/2025 |
| Scheduled Payment: | $2,054.52 | First Due | 10/27/24 | Original Outstanding Balance: | $91,859.84 |

| Date Due | Sch Pmt | Pmt Due | Date Paid | 30 | 60 | 90 | Balance Paid | Finance Paid | Paid Late | Other Paid | Total Paid | Balance | LC Assess | LC Due | Date Assess | EXT | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/27/24 | $2,054.52 | $2,054.52 | 2/12/25 | X | X | X | | $4,074.56 | | | $4,074.56 | $91,859.84 | $102.73 | $102.73 | 11/7/2024 | | Marks in the 30/60/90 fields indicate the date the payment |
| 11/27/24 | $2,054.52 | $34.48 | | | | | | | | | $0.00 | $91,859.84 | $102.73 | $205.46 | 12/8/2024 | | was received more than 30/60/90 days late |
| 12/27/24 | $2,054.52 | $2,089.00 | | | | | | | | | $0.00 | $91,859.84 | $102.73 | $308.19 | 1/7/2025 | | Next Due: 12/27/24 |
| 1/27/25 | $2,054.52 | $4,143.52 | | | | | | | | | $0.00 | $91,859.84 | $102.73 | $410.92 | 2/7/2025 | | Amount Due: $2,054.52 |
| 2/27/25 | $2,054.52 | $6,198.04 | | | | | | | | | $0.00 | $91,859.84 | | $410.92 | | | Remaining Balance: $91,859.84 |
| 3/27/25 | $2,054.52 | $8,252.56 | | | | | | | | | $0.00 | $91,859.84 | | $410.92 | | | Late Charges Due: $410.92 |
| TOTALS | | | | 1 | 1 | 1 | $0.00 | $4,074.56 | $0.00 | $0.00 | $4,074.56 | -- | $410.92 | $410.92 | | | |

Ally Proprietary