FILED- LN
May 20, 2025 2:54 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod  scanned by: eod / 5/20

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

David Miedel, Plaintiff, Pro Se
v.
Ally Bank, Defendant.

Case No. 1:25-cv-00406-HYJ-SJB

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION
Plaintiff David Miedel respectfully moves this Court for a Temporary Restraining Order (TRO) prohibiting Defendant Ally Bank from repossessing Plaintiff's 2024 gray Ford F-150 during the pendency of this litigation. Ally's claimed lien and enforcement rights are based on a forged Retail Installment Sales Contract (RISC), rendering its claimed lien void and unenforceable as a matter of law. Immediate relief is necessary to prevent irreparable harm to Plaintiff.

### II. FACTUAL BACKGROUND
- On September 23, 2024, Plaintiff executed a valid RISC listing Ally Bank as the assignee with a 'without recourse' clause. Plaintiff added a special indorsement tendering payment ('Order to pay David Miedel without recourse'). Ally later refused to accept this RISC, confirmed by Paul Seager on September 30, 2024.
- Between September 24 and 27, the dealership fabricated multiple forged RISCs without Plaintiff's consent. Ally funded the loan based on the September 27 forged RISC.
- On October 1, Plaintiff was induced to sign a new RISC, but this document was never delivered to Ally and remains in the possession of the dealership.
- Ally's enforcement efforts, including potential repossession, rely solely on the September 27 forged RISC.

### III. LEGAL ARGUMENT

#### A. Likelihood of Success on the Merits
Plaintiff has demonstrated a high likelihood of success. Under UCC § 3-403(a), a forged instrument is void and unenforceable. Ally's enforcement rests entirely on the September 27 forged RISC, which cannot create valid lien rights. Ally's rejection of the valid September 23 RISC and failure to receive or accept the October 1 RISC further confirm that no valid creditor relationship was ever consummated. Ally's lien is void ab initio.

### B. Irreparable Harm

Repossession of Plaintiff's vehicle under a void lien will cause immediate and irreparable harm. The 2024 gray Ford F-150 is essential for Plaintiff's personal and business activities. Loss of the vehicle would result in non-compensable harm, including damage to reputation, loss of use, and undue hardship.

### C. Balance of Equities

The balance of equities favors Plaintiff. Ally will suffer no harm by being temporarily restrained from enforcing a lien it cannot prove is valid. In contrast, Plaintiff faces significant harm from wrongful repossession.

### D. Public Interest

Public interest strongly supports granting a TRO. Courts have a vested interest in ensuring that forged or fraudulently created instruments are not enforced and that lien rights are based solely on valid, lawful agreements.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a Temporary Restraining Order prohibiting Ally Bank from repossession activities regarding the 2024 gray Ford F-150 during the pendency of this litigation.

*Plaintiff has consistently acted in good faith throughout this matter. In a recorded phone call with Ally Bank's fraud department (with an agent named Heath), Plaintiff explicitly acknowledged that Ally did not engage in willful misconduct at the outset but was misled by the dealership into accepting a forged RISC after declining to fund the valid September 23 RISC. Plaintiff even offered Ally an opportunity to resolve the matter amicably by voluntarily releasing the lien and issuing clear title, stating that Plaintiff would not pursue litigation against Ally if the lien were voided and Ally pursued reimbursement directly from the dealership. Ally declined to resolve the matter through these reasonable means, necessitating the present action. This demonstrates Plaintiff's good faith effort to prevent unnecessary litigation and Ally's continuing refusal to cure an invalid lien built on dealership fraud.*

Respectfully submitted,

David Miedel    /s/ David Miedel
Plaintiff, Pro Se
9612 Woodbury Road
Laingsburg, MI 48848
Phone: (812) 327-1091
Date: 05/20/2025